IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**XAVIER DAVID WINESTON,**

    **Plaintiff,**

**vs.**                                          **CASE NO. 4:06CV438-RH/AK**

**JOHNNY PACK, et al,**

    **Defendants.**

    _____/


## REPORT AND RECOMMENDATION

Plaintiff is proceeding *pro se* and *in forma pauperis* alleging that Defendants have harassed and assaulted him. (Doc. 1). He complains generally that this harassment has continued from 2005 through an incident on March 1, 2006, when he was struck by officers and on March 21, 2006, when he was chemically sprayed for no reason by the defendants. (Doc. 1). Defendants have moved to dismiss all claims of harassment and assault preceding the March 2006 incidents because Plaintiff failed to exhaust administrative remedies with regard to these earlier claims. (Doc. 31). Plaintiff has responded to the motion to state that he "does not wish to raise claims concerning events preceding March 1, 2006, but only used the informal grievance [concerning a 2005 incident] as an exhibit to establish threats from Officer Pack for utilizing the grievance procedure started back in 2005 October 17." (Doc. 36, p. 1). Plaintiff does not want the exhibit (the informal grievance dated 10/17/05) "struck" and for this reason

he opposes the motion to dismiss. (Doc. 36, p. 2). He also wants a default judgment against the defendants, whom he contends have failed to answer the complaint by filing the motion to dismiss. Default judgment is not appropriate since a motion to dismiss constitutes a responsive pleading to the complaint. See Rule 12, Federal Rules of Civil Procedure.

It is therefore **RECOMMENDED** that the motion to dismiss (doc. 31) be **DEEMED MOOT**, insofar as Plaintiff is not alleging any claims of harassment or excessive force prior to the incident of March 1, 2006, and insofar as the Defendants, through this motion, are not seeking to strike the informal grievance attached to the complaint which Plaintiff wants included as evidence of a history or pattern of harassment. This matter should be referred back to the undersigned for further proceedings on the claims of excessive force regarding the March 2006 incidents only.

**IN CHAMBERS** at Gainesville, Florida, this __6th__ day of February, 2008.

        *s/ A. KORNBLUM*
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

**No. 4:06cv438-RH/AK**