**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


XAVIER WINESTON,

      Plaintiff,

v.                                        CASE NO.  4:06cv438-RH/AK

JOHNNY PACK et al.,

      Defendants.

_____/


**<u>ORDER GRANTING SUMMARY JUDGMENT FOR DEFENDANTS</u>**


The plaintiff Xavier Wineston was an inmate in a state correctional facility. He seeks relief from the defendant correctional officers primarily on three grounds: improper use of force on March 1, 2006; improper use of force on March 21, 2006; and denial of due process in connection with disciplinary charges arising from the March 1 and March 21 incidents. Mr. Wineston has moved for summary judgment on liability on the due-process claim, and the defendants have moved for summary judgment on all the claims.

The case is before the court on the magistrate judge's report and recommendation (document 88). No objections have been filed. The report recounts the evidence in detail. The recommendation is to grant the defendants'

summary-judgment motion. I accept the recommendation and write only briefly to explain the principal grounds for the decision. A more detailed explanation would serve no purpose.

On March 1, 2006, officers were escorting Mr. Wineston to his cell. He became disruptive and head butted an officer, causing an injury, albeit minor. The officers put Mr. Wineston on the ground and, with the assistance of another officer, shackled him. The officers' declarations establish these facts, and there is no sworn evidence to the contrary. This was a reasonable use of force.

On March 21, 2006, Mr. Wineston was in his cell. He used his mattress and bed stuff in an attempt to barricade and flood the cell. In order to deal with the flooding, officers turned off the water to the entire wing. They used chemical spray on Mr. Wineston to restore order. The officers' declarations establish these facts without dispute. Another inmate's declaration says Mr. Wineston was not yelling or kicking—as officers said—but the inmate's declaration does not deny that Mr. Wineston used his mattress and bed stuff in an attempt to barricade and flood the cell. The use of chemical spray in these circumstances was a reasonable use of force.

Finally, Mr. Wineston cannot recover on his due-process claim because he failed to exhaust his administrative remedies on the claim. And the claim is unfounded in any event. A hearing was conducted on the disciplinary charges.

Mr. Wineston could have participated but chose not to. He did, however, identify witnesses he said would support him. The officers interviewed and obtained statements from at least some of the witnesses. Their statements were considered at the hearing. Mr. Wineston says the witnesses would have provided more favorable information but did not because they were threatened, but he does not assert he was present or heard the threats, and he provides no admissible evidence, even now, of what they would have said. In short, the record includes no admissible evidence that threats occurred or that the witnesses would have provided more favorable testimony but for the alleged threats.

For these reasons,

IT IS ORDERED:

1. The defendants' summary-judgment motion (documents 66) is GRANTED.

2. The plaintiff's partial-summary-judgment motion (document 59) is DENIED.

3. The clerk must enter judgment stating, "The complaint is dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)." The clerk must close the file.

SO ORDERED on September 24, 2009.

s/Robert L. Hinkle
United States District Judge